IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry B. Dietz, <br><br>    Plaintiff, <br><br> vs. <br><br> Waden Fizer, <br><br>    Defendant. | No. CIV 05-3483-PHX-ROS <br><br> **ORDER** |

Pending before the Court is Magistrate Judge Glenda E. Edmonds' Report and Recommendation (R&R) (Doc. 17) regarding Petitioner's Petition for Habeas Corpus. (Doc. 1) Magistrate Judge Edmonds recommended that the Court deny Petitioner's petition. (Doc. 17) Petitioner filed a response objecting to the R&R on April 11, 2006. (Doc. 18) For the reasons stated below, the Court will adopt the R&R and reject Petitioner's objections.

**I.  Background**

The R&R sets forth the factual background in this case and neither party objected to that background. Thus, the Court adopts the background portion of the R&R as an accurate recital of the history of this case.

**II.  Standard of Review**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend

1 dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B);
2 Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and
3 file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make
4 a de novo determination of those portions of the report or specified findings or
5 recommendations to which objection is made." Id. "[P]arties who do not object to a
6 magistrate's report waive their right to challenge the magistrate's factual findings but retain
7 their right to appeal the magistrate's conclusions of law." Baxter v. Sullivan, 923 F.2d 1391,
8 1394 (9th Cir. 1991); Thomas, 474 U.S. at 149 ("[Section 636(b)(1)] does not . . . require any
9 review at all . . . of any issue that is not the subject of an objection."). A district judge "may
10 accept, reject, or modify, in whole or in part, the findings or recommendations made by the
11 magistrate." 28 U.S.C. § 636(b)(1).

12 **III. Discussion**

13 Petitioner objects to Magistrate Judge Edmonds' conclusion that Petitioner's
14 Fourteenth Amendment rights were not violated when he was sentenced to a longer term than
15 the original plea agreement contemplated. The Magistrate Judge correctly concluded that
16 it was not necessary that Petitioner actually replead in order to meet constitutional
17 requirements. See United States v. Ruiz, 935 F.2d 1033, 1037 (9th Cir. 1991) (stating that
18 Petitioner's constitutional rights were not violated when sentencing guidelines changed
19 between plea agreement and time of sentencing because Petitioner was given the opportunity
20 to withdraw from his plea agreement and declined to do so). It was sufficient for the court
21 to give Petitioner an *opportunity* to withdraw from his plea when it became clear that there
22 were problems with the plea. It does not matter whether Petitioner actually chose to
23 withdraw his plea. Id. at 1037-38. By offering Petitioner an opportunity to replead, the trial
24 judge ensured that Petitioner's constitutional right to due process was satisfied. See id.; see
25 also United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002) (quotation omitted)
26 ("[T]he Supreme Court has held that permitting a defendant to replead when the government
27 breaches [a plea agreement] is within the range of constitutionally appropriate remedies.");
28 United States v. Billington, 844 F.2d 445, 449-50 (7th Cir. 1988) (same); United States v.

1 Anderson, 993 F.2d 1435, 1439 (9th Cir. 1993).  Accordingly, the Magistrate Judge's
2 conclusion and recommendation on this issue will be adopted.

3 Petitioner also appears to object to the Magistrate Judge's finding that any deficiency
4 of representation on the part of Petitioner's attorney did not prejudice his defense. (Doc. 18)
5 The Magistrate Judge found that even if Petitioner did receive ineffective assistance of
6 counsel, Petitioner cannot show prejudice.  The Court agrees.

7 During the March 5, 2001 hearing, the trial judge gave Petitioner the opportunity to
8 withdraw from his plea agreement and either go to trial or attempt to renegotiate with the
9 prosecutor.  (Doc. 1, Ex. 3)  The Petitioner chose not to do so.  (Id.)  The trial judge then
10 explained in detail the consequences of accepting the deal.  (Id.)  Petitioner indicated that he
11 understood the consequences but he wished to accept the deal anyway. (Id.)  Thus, Petitioner
12 was given an opportunity to withdraw from the plea agreement that counsel allegedly
13 misinformed him regarding, but Petitioner chose not to do so. The Magistrate Judge properly
14 concluded that "[c]ounsel's erroneous advice, assuming he gave some, did not affect
15 [Petitioner's] eventual sentence."  (Doc. 17)  There is no evidence of prejudice and
16 Petitioner's claim for ineffective assistance of counsel will be rejected.

17 Accordingly,

18 **IT IS ORDERED** that Magistrate Judge Edmonds' Report and Recommendation
19 (Doc. #17) to deny Petitioner's Writ of Petition is **ADOPTED**.

20 **IT IS FURTHER ORDERED** that the Petitioner's Petition for Writ of Habeas
21 Corpus (Doc. #1) is **DISMISSED.**

22 **IT IS FURTHER ORDERED** that the Clerk of Court terminate this action.

DATED this 7th day of August, 2006.

Roslyn O. Silver
United States District Judge